# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MARLIN HERBST,<br><br>　　　　Plaintiff,<br>vs.<br><br>GIVAUDAN FLAVORS CORP, *et al.*,<br><br>　　　　Defendants. | No.  C 17-4008-MWB<br><br>**SUPPLEMENTAL TRIAL MANAGEMENT ORDER** |

_____

*I.* <u>*INTRODUCTION*</u>:  This order sets forth additional deadlines and discovery procedures applicable to this case.  A party who elects to represent himself/herself is held to the same deadlines and procedures as an attorney.[1]

*II*. <u>*DISCOVERY PRACTICES*</u>**:**

　　　A.　　<u>BOILERPLATE OBJECTIONS NOT ALLLOWED</u>. The parties are advised that, in conducting discovery, form or boilerplate objections shall not be used and, if used, may subject the party and/or its counsel to sanctions.  Objections must be specific and state an adequate individualized basis.  For example:

　　　　　1.　　When claiming privilege or work product, the parties must comply with FED. R. CIV. P. 26 (b)(5)(A).

---

[1] Accordingly, wherever this order references an attorney or counsel, it also means a party who is representing himself or herself.

1

2. The Court does not recognize "object as to form" as a valid objection to a deposition question; rather, the objecting party must state the basis for the form objection. *e.g.* compound, argumentative, etc.

3. Attorneys cannot respond to any discovery request with something similar to "blanket objections and a statement that discovery would be provided 'subject to and without' waiving the objections." *See, e.g. Network Tallahassee, Inc., V. Embarq Corp.*, 2010 WL 4569897 (N.D. Fla 2010).

B. <u>OBSTRUCTIONIST CONDUCT IN DEPOSITIONS</u>. Attorneys shall not engage in obstructionist conduct in depositions. Obstructionist conduct may subject the party and/or its counsel to sanctions. Obstructionist conduct in depositions includes, but is not limited to: making an objection or statement that has the effect of coaching the deponent, suggesting an answer, or impermissibly interrupting the deposition. Counsel shall not interrupt the examination except to state a non-argumentative, non-speaking objection or to determine whether to assert a privilege or to assert a privilege. *See, e.g., Security Nat'l Bank of Sioux City, Iowa v. Abbott Labs.*, 299 F.R.D. 595 (N.D. Iowa 2014) (describing obstructionist conduct in depositions), *rev'd on other grounds*, ___ F.3d ___, 2015 WL 5042248 (8th Cir. Aug. 27, 2015); D.C.COLO.LCivR 30.3(a). If deposition abuse is anticipated, a judicial officer may order that a deposition be taken at the courthouse so that a dispute may be heard and decided immediately by a judicial officer. *See* D.C.COLO.LCivR 30.3.(c). In the Court's view, the best way to avoid deposition problems is to stipulate that all objections except to privilege are reserved. This obviates virtually all problems in depositions. **The parties are strongly encouraged to enter into this stipulation**.

C. <u>OBSTRUCTIONIST CONDUCT IN OTHER DISCOVERY</u>. Attorneys shall not engage in obstructionist conduct in other discovery. Obstructionist conduct

2

may, again, subject the party and/or its counsel to sanctions. Obstructionist conduct in discovery includes, but is not limited to, the following:

1. An unsubstantiated or non-specific objection that a request is vague, ambiguous, or unintelligible;

2. An unsubstantiated or non-specific objection that a request is oppressive, burdensome, or harassing;

3. An unsubstantiated or non-specific objection that a request is overbroad or not properly limited in temporal scope;

4. An unsubstantiated or non-specific objection that a request fails to designate the documents to be produced with reasonable particularity;

5. An unsubstantiated or non-specific objection that a request is irrelevant.

6. Any other unsubstantiated or non-specific objection.

*See, e.g., St. Paul Reins. Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508 (N.D. Iowa 2000) (describing obstructionist conduct in discovery).

D. <u>AFFIRMATIVE DUTY TO NOTIFY THE COURT OF ALLEGED DISCOVERY ABUSE</u>. Any party subjected to obstructionist conduct in discovery or depositions or conduct that the party reasonably believes to be intended to impede, delay, or frustrate the fair examination of deponents or the process of discovery shall promptly file a Report to the Court in writing, advising the Court of the specific nature of the alleged discovery abuse, regardless of whether or not the party intends to seek sanctions on its own motion. The Court will then determine whether to issue a notice to show cause why sanctions should not be imposed, conduct a hearing after notice, and impose sanctions, if appropriate.

3

E. <u>SANCTIONS</u>. Sanctions for obstructionist conduct or other misconduct during discovery may include, but are not limited to, individually or in combination, the following:

    1. monetary sanctions;

    2. attendance at, or preparation of, a continuing legal education presentation or training video on appropriate and inappropriate discovery conduct tailored to the discovery violation;

    3. preparation and submission for publication of a law review or legal journal article on appropriate and inappropriate discovery conduct tailored to the discovery violation;

    4. revocation or suspension of *pro hac vice* status or admission to practice in the United States District Court for the Northern District of Iowa;

    5. sanctions in FED. R. CIV. P. 37(b)(2)(A); or

    6. any other reasonable sanction.

**III.** <u>**FINAL PRETRIAL CONFERENCE**</u>**:** The court will initiate the call for the FPTC, but the parties must advise the court of the contact numbers for each party and counsel who will participate at least **3 days** before the FPTC. Should the parties wish to be present in Sioux City for the FPTC, they should contact the court with that request.

**IV.** <u>**TRIAL BY AGREEMENT**</u>**:** Within thirty (30) days of this order, each lawyer who has appeared on behalf of any party, and within thirty (30) days of any other lawyer appearing on behalf of any party, must file a short affidavit that they have read the following article: Steve D. Susman and Thomas M. Melsheimer, *Trial by Agreement: How Trial Lawyers Hold the Key to Improving Jury Trials in Civil Cases*, 32 REV. LITIG.

431 (2013). Each lawyer must also state in their affidavit whether or not they are willing to make a good faith effort to apply the basic principles of this article and the concepts contained in Pretrial Agreements Made Easy, found at http://trialbyagreement.com/pretrial-agreements/pretrial-agreemetns-made-easy to this case. **Lawyers have the right not to follow these principles of Trial By Agreement, but the failure to timely file the affidavit will result in a $250 sanction. The money will go to the court's "Library Fund" and will be used for the benefit of the bar.**

*V*. *PROPOSED JURY INSTRUCTIONS***:** I seldom use model instructions and prefer plain English ones. The parties are encouraged to use my prior instructions on an issue or submit plain English instructions.

*VI*. *JURY SELECTION***:** Because the case belongs to the parties, I encourage lawyer participation in jury selection. At the FPTC, we can discuss how the parties would like to divide responsibility for jury selection between myself and the lawyers. I use a PowerPoint voir dire—a stock version can be requested by the parties from my judicial assistant at any time. I can then modify the stock PowerPoint prior to jury selection in light of discussions at the FPTC.

*VII*. *HARD TIME LIMITS***:** In every civil case in which the parties estimate the length of trial will exceed three (3) days including jury selection, opening statements, and closing arguments, I will set hard time limits for the case at the FPTC. This will be done after reviewing the parties' witness and exhibit lists and discussing in depth with the lawyers how much time they believe they need – keeping in mind I will not let them inflict cruel and *usual* punishment on the jurors as the result of excessive, redundant,

5

Case 5:17-cv-04008-LTS-KEM   Document 65   Filed 06/06/17   Page 5 of 7

cumulative, or unnecessary evidence. The parties are encouraged to agree on how much time will be needed and how it is divided. For example, in a recent case, the parties agreed to a total of 28 hours with the plaintiff using 70% of the time. The time for each party includes their direct examination, cross examination, and redirect of witnesses; time spent on objections and rulings on objections in front of the jury; and other matters that take place while the jury is in the jury box during the presentation of evidence in their case. Regular breaks for jurors are not included in the parties' time nor are matters taken up prior to the jury being brought into the courtroom in the morning or after they are dismissed at the end of each trial day.

*VII*. *JUROR QUESTIONS OF WITNESSES***:** Jurors are allowed to submit written questions of witnesses. At the conclusion of the examination of each witness, the questions are collected. The questions are then reviewed by me and counsel at side bar and, if approved, asked by me with follow-up questions, if any, by counsel. The counsel that called the witness begins the questioning. The time spent on juror questions of witnesses will be charged to the party calling the witness, but any follow-up questions will be charged to the party doing the questioning. *See generally*, Thomas D. Waterman, Mark W. Bennett & David C. Waterman, *A Fresh Look at Jurors Questioning Witnesses: A Review of Eighth Circuit and Iowa Appellate Precedents and an Empirical Analysis of Federal and State Trial Judges and Trial Lawyers*, 64 DRAKE L. REV. 101 (2016)

*IX*. *INTERIM ARGUMENTS***:** Interim arguments will only be allowed if the parties agree to the concept and terms of interim argument.

*X*.     *JUROR DISCUSSION OF EVIDENCE BEFORE DELIBERATIONS*:  Juror discussion of evidence before deliberations, with an appropriate jury instruction, will only be allowed if the parties agree to the concept and terms of juror discussion of evidence before deliberations.

**IT IS SO ORDERED**.

**DATED** this 6th day of June, 2017.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA